# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| SHONDA SAULS, as Personal Representative ) <br> Of the Estate of Tracey Jamal Sauls ) <br> 310 55th Street, N.E., ) <br> Washington D.C. 20019 ) <br> ) <br>       Plaintiff, ) <br> ) <br>  v. ) <br> ) <br> THE DISTRICT OF COLUMBIA ) <br> ) <br> SERVE: Hon. Muriel Bowser, Mayor ) <br>     John A. Wilson Building ) <br>     1350 Pennsylvania Avenue, N.W., ) <br>     Washington D.C. 20004 ) <br> ) <br>     Karl A. Racine, Attorney General ) <br>     Office of the Attorney General ) <br>     441 4th Street, N.W., ) <br>     Washington D.C. 20001 ) <br> ) <br> And ) <br> ) <br> THOMAS N. FAUST ) <br>  Department of Corrections ) <br>  2000 14th Street, N.W., 7th Floor ) <br>  Washington D.C. 20009 ) <br> ) <br> And ) <br> ) <br> WILLIAM J. SMITH ) <br>  Department of Corrections ) <br>  1901 D Street, S.E., ) <br>  Washington D.C. 20003 ) <br> ) <br> And ) <br> ) <br> JOHN DOES (being the fictitious names of ) <br> Agents and employees of the D.C. Department ) <br> Of Corrections who are not presently known to ) <br> Plaintiff and worked in Unit SW2) ) <br> ) <br>       Defendants. ) | Case No.: 18-cv-2232 |

_____)

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Shonda Sauls, as Personal Representative of the Estate of Tracey Jamal Sauls, by and through her attorneys, Brian K. McDaniel, Esq., and The McDaniel Law Group, P.L.L.C. and states as follows:

## STATEMENT OF CLAIM

1. This action is brought by Plaintiff, as the Personal Representative of the Estate of Tracey Jamal Sauls, her deceased son, against Defendants, the District of Columbia, Thomas Faust, the Director of the Department of Correction at all times relevant, William J. Smith, Warden of the D.C. Jail at all times relevant, in violation of decedent's rights under the Civil Rights Action, 42 U.S.C. § 1983, for Wrongful Death and Survival Action.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. Venue is invoked pursuant to 28 U.S.C. §1391 and properly lies in this Court because all of the events complained of occurred within the District of Columbia.

4. On or about February 9, 2017, Plaintiff gave written notice of Plaintiff's claim to Defendant pursuant to the provision of D.C. Code §12-309. **A copy of the notice is attached, marked as Exhibit I.**

## PARTIES

5. Shonda Sauls, Plaintiff and Mother and Next Friend and Personal Representative of the Estate, who was at all times relevant a citizen of the United States and a resident of the District of Columbia.

6. Tracey Jamal Sauls is the decedent who died on September 27, 2016 while being housed at the D.C. Jail located at 1901 D Street, S.E., Washington D.C. 20003.

7. Defendant, District of Columbia, is a local government entity and having created a Department of Corrections pursuant to D.C. Code § 24-211.01. It has a duty to finance, supervise, and train the staff it employs and to provide a safe environment for persons incarcerated therein. It is also liable for policies, customs, and practices that constitute the intentional and deliberate indifference or reckless disregard of its agents to the liberty interest of D.C. detainees that are committed within the scope of its employment.

8. Defendant, Thomas Faust, was the Director of the D.C. Department of Corrections (DOC), at all relevant time periods, at issue herein. He had a duty to supervise the personnel of the Department of Corrections Central Detention Facility (referred to herein as the "D.C. Jail"). Also, he had a duty to insure that all constitutional, statutory, and local laws were complied with, in addition to having a duty to establish and enforce DOC policies, plans, rules, and standard, in order to ensure the safety, humane treatment, and livelihood of and for all persons incarcerated within the DOC. He is sued in his official and individual capacity, for actions under color of law.

9. Defendant, William J. Smith, was the Warden of the Central Detention Facility, at all times relevant. He had a duty to supervise the administration and ministerial activities and personnel of the Department of Corrections Central Detention Facility. Also, he had a duty to insure that all Department of Corrections policies, plans, rules, and standards are coordinated and to ensure the secure and humane treatment and conditions of and for persons incarcerated within the Department of Corrections. He is sued in his official and individual capacity for actions under color of law.

10. In addition to the named Defendants, unknown employees of the Department of Corrections are sued herein in their individual and official capacities under the fictitious names of John Does because their true names, capacities and/or degree of responsibility for the acts alleged herein are unknown to Plaintiff at this time. When Plaintiff ascertains this information, she will amend this Complaint accordingly. The John Does are or were at all times mentioned herein employees of the D.C. Department of Corrections. In this capacity, they are or were responsible for monitoring inmates while incarcerated and housed in the SW2 section of the D.C. Jail. The John Does were the custodian(s) of Mr. Sauls and responsible for his care and well-being while an animate at the D.C. Jail. Upon information and belief, John Does are legally liable to Plaintiff in some part for the wrongful acts and omissions of which the Plaintiff complains herein.

## STATEMENT OF RELEVANT FACTS

11. The District of Columbia Department of Corrections holds prisoners committed by the District of Columbia Superior Court, and other agencies, in the Central Detention Facility ("DC Jail") and the Correctional Treatment Facility ("CTF").

12. Director, Thomas Faust is responsible for overseeing all activities for each Department of Correction facility within the District of Columbia at or on September 27, 2018.

13. Warden, William J. Smith is the responsible official for all activities, including the safety and care of inmates, at the D.C. Jail.

14. Plaintiff's decedent, Tracey Jamal Sauls was an inmate being housed in the Southwest 2 unit in the D.C. Jail.

15. On September 27, 2016, Tracey Jamal Sauls, while in his cell at the D.C. Jail began to experience a medical emergency. Specifically, Mr. Sauls began to experience chest pains while in his cell.

16. Mr. Sauls informed the D.C. Department of Corrections personnel working in the Southwest 2 Unit and identified in the caption in this Complaint as John Does of his chest pains.

17. D.C. Department of Corrections personnel did not take any action but instead told Mr. Sauls that he would be 'ok'.

18. Mr. Sauls began to experience shortness of breath and had difficulty breathing. Yet, D.C. Department of Corrections personnel ignored him and did not take any action to provide assistance to the Mr. Sauls.

19. Due to the medical emergency being experienced by Mr. Sauls, he fell to floor of his cell where his legs began to shake and his eyes rolled into the back of his head.

20. D.C. Department of Corrections personnel did not provide any care or treatment to Mr. Sauls for some period of time such that when they came back to Mr. Sauls, he was lying in the prone position without any response to verbal or tactile stimuli.

21. Mr. Sauls was transported by ambulance to Howard University Hospital where he was pronounced dead at 4:38 pm on September 27, 2016.

22. Pursuant to D.C. Code § 24-211.02(a-1)(1), jail employees are responsible for the 'safekeeping, care and protection' of all inmates.

## COUNT I
**(Denial of Medical Care)**

23. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 13 of the Complaint with the same effect as if full set forth herein.

24. This cause of action is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States, in particular, but not limited to, the Fifth and Eighth Amendments thereto. The above described acts and omissions of the Defendants, including their failure to timely and fully respond to plaintiff's decedent's condition constituted deliberate indifference to Tracey Jamal

Sauls' obvious and serious medical needs in violation of the rights guaranteed him by the Fifth and Eighth Amendment to the United States Constitution.

25. As a direct and proximate result of the acts, omissions and Constitutional violations alleged above, plaintiff's decedent, prior to his death, suffered physical pain, mental anguish, fear, emotional distress, bodily injury and subsequent eventual death.

WHEREFORE, these premises considered, Plaintiff demands judgment against the Defendants in the amount $5,000,000.00, plus interest and the cost of the action and such other and further relief as this Court may deem just and proper.

## COUNT II
### (Denial of Protection from Harm

26. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 16 of the Complaint with the same effect as if fully set forth herein.

27. This cause of action is bright pursuant to 42 U.S.C. § 1983 and the Constitution of the United States, in particular, but not limited to, the Fifth and Eighth Amendments thereto,

28. The above-described acts and omissions of the Defendants, including their failure to timely and fully respond to plaintiff's decedent's condition constituted deliberate indifference to Tracey Jamal Sauls right to be free from a substantial risk of harm, including, but not limited to, being protected from clearly identifiable and known risks and in need of medical treatment in violation of his rights guaranteed by the Fifth and Eighth Amendments to the Constitution.

29. As a direct and proximate result of the acts, omissions and Constitutional violations alleged above, plaintiff's decedent, prior to his death, suffered severe physical pain, mental anguish, fear, emotional distress, bodily injury and subsequent eventual death.

WHEREFORE, these premises considered, the Plaintiff demands judgment against the Defendant in the amount of $5,000,000.00, plus interest and the cost of this action and such other and further relief as this Court may deem just and proper.

### COUNT III
### (Wrongful Death)

30. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 20 of the Complaint with the same effect as if fully set forth herein.

31. Defendants owed plaintiff's decedent a duty to use reasonable care in the provision of medical care and in protecting plaintiff's decedent.

32. By failing to use reasonable case, failing to provided plaintiff's decedent with timely medical treatment, the Defendants negligently and with deliberate indifference, breached the duties owed to the plaintiff's decedent.

33. As a direct and proximate result of the Defendants deliberate indifference and negligence breach of the duties owed plaintiff's decedent died a horrible death.

WHEREFORE, these premises considered, Plaintiff demands judgment against Defendants in the amount of $5,000,000.00, plus interest and the cost of this action and such and further relief as this court may deem just and proper.

### COUNT IV
### (Survival Action)

34. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 24 of the Complaint with the same effect as if fully set forth herein.

35. Defendants had a duty to assure the inmates at the D.C. Jail generally, and in particular Tracey Jamal Sauls, were safe and secure, and that they were provided with reasonable and timely medical care.

36. The aforementioned death was the direct and proximate result of the negligence of the above-named defendants, agents, servants, and/or employees, generally in the failure to properly respond to medical emergencies; failure to fulfill its statutory duty to provide safekeeping, care, protection to all persons committed to the facility; and failure to follow normal and accepted penological and/or medical practices and procedures; and in particular, in its failure to properly monitor, assess, evaluate and treat medical emergency conditions of the plaintiff's decedent.

37. As a direct and proximate result of the above-stated negligence of the Defendants, plaintiff's decedent sustained grievous injury and was pronounced dead later on September 27, 2016.

38. This plaintiff's decedent suffered the loss of the enjoyment of life and was prevented from participating in life's pleasurable, social, spiritual and recreational activities. He endured severe conscious pain and suffering of body and mind prior to his untimely death and incurred funeral expenses.

WHEREFORE, these premises considered, Plaintiff demands judgment from and against Defendants in the amount of $5,000,000.00, plus interest and the costs of this action, and such other and further relief as this Court may deem just and proper.

## COUNT V
**(Negligence)**

39. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 30 of the Complaint with the same effect as if fully set forth herein.

40. Defendants had a duty to provide proper medical care and treatment to inmates housed at the D.C. Jail.

41.     In failing to properly monitor inmates and appropriately respond to medical emergencies the Defendants breached their duties to the plaintiff decedent to provide for the safety and care of the inmates.

42.     As a direct and proximate result of the acts and omissions of the Defendants, plaintiff's decedent suffered a horrible death.

WHEREFORE, these premises considered, the Plaintiff demands judgment against the Defendants in the amount of $5,000,000.00, plus interest and the cost of this action and such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

The Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C.

/s/ Brian K. McDaniel
Brian K. McDaniel
1920 L Street, N.W., Suite 303
Washington D.C. 20036
Tel: 202-331-0793
Fax: 202-331-7004